CHARLES GOLDSTEIN V. FRED KRUG BREWING COMPANY.

FILED NOVEMBER 7, 1901.   No. 9,743

1. **Justice's Docket as Evidence.** Entries by a justice of the peace upon his docket of material matters proper to appear there are evidence of the facts therein stated.

2. **Service of Summons on Nominal Defendant within the Bailiwick; Jurisdiction of Party in Interest.** Where an action is brought against a nominal defendant in one county, who has no bona-fide interest in the controversy, a summons can not properly be issued and served upon a party in another county.

ERROR from the district court for Lancaster county. Tried below before HALL, J. *Affirmed.*

*Willard E. Stewart,* for plaintiff in error.

*Charles L. Burr, Lionel C. Burr* and *Roscoe Pound, contra.*

NORVAL, C. J.

Charles Goldstein sued Henry Hanneman and Fred Claus before a justice of the peace of Lancaster county to recover $157 for work and labor claimed to have been performed by him for them, and the further sum of $13.05, for goods sold and delivered. After the service of summons upon them in Lancaster county, Goldstein filed an amended bill of particulars, making the Fred Krug Brewing Company a party defendant. An alias summons was directed to the sheriff of Douglas county, which was served, and return of writ was made to the justice issuing the same. On the return day the Fred Krug Brewing Company made special appearance, objecting to the jurisdiction of the court, and moving to quash the service of summons upon it for the reason that its general office and principal place of business was in Douglas county, and it could not be sued in Lancaster county. The justice overruled the objections to the jurisdiction, and thereupon the Fred Krug Brewing Company applied for and obtained

a continuance of the cause. Afterwards there was another continuance of the case by consent of parties. At the time to which the last adjournment was taken, plaintiff dismissed the action as to Hanneman. On the trial before the justice the corporation attempted to show as a defense that Claus was not liable to plaintiff on the causes of action set out in the bill of particulars; that Claus had been made a defendant to enable the court to issue its process to Douglas county to bring in the corporation. The justice rendered judgment against both Claus and the corporation, from which an appeal was prosecuted to the district court, where the plaintiff filed a petition. The Fred Krug Brewing Company answered, pleading as a second defense that Claus had no interest in the controversy, was not a necessary or proper party defendant, and that plaintiff had collusively sued him with the answering defendant to obtain jurisdiction over the latter in Douglas county. The district court, upon verdict in favor of Claus, dismissed the action as to him, which fact the corporation set up as a third defense by answer.

Plaintiff recovered a verdict against the Fred Krug Brewing Company, and the latter moved for a judgment in its favor *non obstante veredicto,* which motion was sustained, and judgment was rendered accordingly. Error proceeding has been prosecuted by the plaintiff.

The transcript of the proceeding had before the justice of the peace contains among others the following recitals:

"February 17, 1894. Issued alias summons returnable February 24, 1894, at 9 o'clock A. M., and directed same to the sheriff of Douglas county, and cause continued to February 24, 1894, at 9 o'clock A. M.   *   *   *

"February 24, 1894. Fred Krug Brewing Company files special appearance and objections to the jurisdiction of the court, supported by the affidavit of William Krug. Objections overruled, and cause continued, on application of said defendant, to March 24, 1894, at 1 o'clock P. M.   *   *   *

"March 29, 1894.   *   *   *   Plaintiff dismissed cause as to Henry Hanneman."

It is insisted that these recitals are no part of the record, under section 1086 of the Code of Civil Procedure. This section enumerates certain things the justice is required to enter upon his docket, but we can not believe that the legislature intended that no other matter should be noted by the justice upon his docket. The statute does not specify that a motion to dissolve an attachment or the ruling made by the justice thereon shall be entered upon the docket, yet they are entirely proper things for him to note upon his docket, and no less so are the matters to which objections are now made. The recitals in question are not mere voluntary entries of immaterial matters, but relate to facts pertinent and proper to be noted by the justice upon his docket, and are evidence of the facts so stated.

The judgment of the district court *non obstante veredicto* was entirely proper. The Krug Brewing Company was served in Douglas county, and their co-defendants were at that time out of the case; there having been a dismissal as to Hanneman, and a verdict and judgment in favor of Claus, who was not a necessary or proper party defendant. *Hurlburt v. Palmer*, 39 Nebr., 158; *Herbert v. Wortendyke*, 49 Nebr., 182; *Anheuser-Busch Brewing Ass'n v. Peterson*, 41 Nebr., 897; *Barry v. Wachosky*, 57 Nebr., 534.

It is argued that service upon Hanneman in Lancaster county was service upon the corporation, since the former was the managing agent of the latter. This can not be so for two reasons: First, no summons was served upon Hanneman as managing agent; he was served as a party to the suit only; second, no summons was issued against the Krug Brewing Company directed to the sheriff of Lancaster county, hence it could not be legally served in that county.

The judgment below is clearly right, and it is accordingly

AFFIRMED.